UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JOSEPH SNOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-00458 TLN AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening Requirement**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

(3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.   The Complaint

Plaintiff is a parolee or former parolee who sues the Department of Justice, Officer W. Grayson, and the Sacramento Police Department under California Penal Code § 290(b) and § 263.1, provisions of state criminal law dealing with sex offender registration. ECF No. 1 at 4. Plaintiff alleges he was misclassified as a "Tier 2 Sex Offender" and seeks a three-million-dollar settlement. Id. at 5-6. Plaintiff asks that the false classification be corrected. Id. at 14.

////

### III. No Federal Jurisdiction

This complaint must be dismissed for lack of jurisdiction. Though plaintiff checks the box "federal question" on his form complaint (ECF No. 1 at 3), when asked to supply the federal laws at issue he cites two sections of the state criminal code. ECF No. 1 at 4. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019). For federal question jurisdiction to exist, there needs to be a federal law, statute, or constructional provision at issue. There is no federal law or constitutional provision at issue here. There is also no basis for diversity jurisdiction. Therefore, the federal court cannot hear this case.

### IV. Leave to Amend Is Not Appropriate

Leave to amend is not appropriate in this case because amendment would be futile. See Noll, 809 F.2d at 1448. The jurisdictional defect cannot be fixed by amendment, because violations of state law do not present a federal cause of action.

Plaintiff could not create jurisdiction by recasting his claims as violations of his civil rights actionable under 42 U.S.C. § 1983. That statute by its terms provides a remedy only for violations of rights conferred by the United States Constitution or other federal law. Lovell By & Through Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996); see also Estelle v. Gamble, 502 U.S. 62, 68 (1991). Violations of state law do not state a claim under Section 1983. Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). A plaintiff cannot transform a state law issue into a federal one by merely asserting that a violation of state law has federal Constitutional implications. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

Because the facts of the complaint and the claims alleged do not support a potential federal claim, leave to amend is not recommended.

### V. Pro Se Plaintiff's Summary

Your motion to proceed without paying the filing fee has been granted and you will not be charged a fee for filing this case. However, the Magistrate Judge is recommending that your case be dismissed because this court does not have jurisdiction. You are claiming state laws were violated, but this court can only hear cases involving the violation of federal law or in which the parties are from different states. Because there is no federal claim or diversity of citizenship here, this case must be dismissed.

### VI. Conclusion

For the reasons stated above, plaintiff's request to proceed in forma pauperis (ECF No. 2) is HEREBY GRANTED.

It is FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2) for lack of federal jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 15, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE